Filed 8/18/25  P. v. St. Pierre CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. JASON EDWARD ST. PIERRE, Defendant and Appellant. | B336963 Los Angeles County Super. Ct. No. BA352850 |

APPEAL from an order of the Superior Court of Los Angeles County, Curtis B. Rappe.  Affirmed.

Gary V. Crooks, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Kenneth C. Byrne and Allison H. Chung, Deputy Attorneys General, for Plaintiff and Respondent.

In 2010, a jury convicted defendant and appellant Jason Edward St. Pierre of two counts of willful, deliberate and premeditated attempted murder. (Pen. Code,[1] §§ 664, 187, subd. (a).) In 2022, St. Pierre filed a petition for resentencing under section 1172.6.[2] The trial court denied St. Pierre relief as a matter of law, concluding he was prima facie ineligible for resentencing because his jury was not instructed on the natural and probable consequences doctrine as a theory of attempted murder liability.

On appeal, St. Pierre argues that the aiding and abetting instructions given at his trial allowed the jury to convict him of attempted murder without finding that he harbored the intent to kill, and consequently, his case should be remanded for an evidentiary hearing under section 1172.6, subdivision (d). We reject this contention. As the trial court correctly noted, St. Pierre's jury was never instructed on the natural and probable consequences doctrine. Moreover, although the jury was instructed on aiding and abetting as a form of liability, the jury was also instructed that it could not convict St. Pierre of attempted murder unless it explicitly found that he harbored the intent to kill the victims. We therefore affirm the trial court's order denying St. Pierre section 1172.6 relief as a matter of law.

---

[1] All undesignated statutory references are to the Penal Code.

[2] Section 1172.6 allows resentencing relief for certain individuals convicted of "attempted murder under the natural and probable consequences doctrine[.]" (1172.6, subd. (a).)

## PROCEDURAL BACKGROUND[3]

As noted above, in 2010 a jury convicted St. Pierre of two counts of willful, deliberate, premeditated attempted murder. The jury also found that St. Pierre committed the attempted murders for the benefit of a criminal street gang; and that a principal personally used and personally and intentionally discharged a firearm in the commission of the offenses, proximately causing great bodily injury to the victims. (§§ 186.22, subd. (b)(1)(c); 12022.53, subds. (b), (c), (d) & (e)(1).) On the attempted murder counts, the trial court sentenced St. Pierre to consecutive terms of 15 years to life, with each term enhanced by 25 years to life (§ 12022.53, subds. (d) & (e)(1)), for a total of 80 years to life in state prison. A different panel of this court affirmed the judgment on direct appeal. (*People v. St. Pierre* (Aug. 21, 2012, B233738) [nonpub. opn.].)

In 2022, St. Pierre filed a petition for resentencing under former section 1170.95 (now section 1172.6), and the trial court appointed counsel to represent him. In 2023, the People filed a response, noting that St. Pierre's jury was not instructed on the natural and probable consequences doctrine, and arguing that because the jury instructions required a finding that St. Pierre harbored the intent to kill in the commission of each attempted murder, the record demonstrated that he was ineligible for section 1172.6 relief as a matter of law. In 2024, St. Pierre's trial counsel filed a reply, arguing in general terms that because the prima facie bar in section 1172.6 proceedings is low, St. Pierre

---

[3] We omit recitation of the facts underlying St. Pierre's attempted murder convictions because they have no bearing on our resolution of this appeal.

should be granted an evidentiary hearing under subdivision (d) of the statute. At St. Pierre's prima facie hearing, the trial court denied him section 1172.6 relief, concluding that the jury instructions demonstrated ineligibility as a matter of law. St. Pierre timely appealed.

## STATUTORY FRAMEWORK

In 2018, the Legislature, through Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015), amended section 188 to eliminate the natural and probable consequences doctrine as it applies to murder and to require, with certain exceptions under the felony murder rule, that a defendant act with malice to be convicted of murder. (§ 188, subd. (a)(3).) In 2021, through Senate Bill No. 775 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 551), the Legislature clarified that the amendments made by Senate Bill No. 1437 were also intended to eliminate the natural and probable consequences doctrine as a theory of liability for attempted murder. (*People v. Hin* (2025) 17 Cal.5th 401, 441; *People v. Patton* (2025) 17 Cal.5th 549, 558; see § 1172.6, subd. (a).)

Under section 1172.6, a defendant convicted of attempted murder under the natural and probable consequences doctrine must attest to the following: "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of . . . attempted murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of . . . attempted murder . . . following a trial . . . at which the petitioner could have been convicted of . . . attempted murder . . . . [¶] (3) The petitioner could not presently be convicted of . . . attempted murder [under current law]." (§ 1172.6, subd. (a).)

4

After a facially sufficient petition is filed, the trial court determines whether the petitioner is prima facie eligible for relief. (*People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).) If the trial court determines that the petitioner has made a prima facie showing of eligibility for relief, the court must issue an order to show cause and hold an evidentiary hearing at which the prosecution bears the burden "to prove, beyond a reasonable doubt, that the petitioner is guilty of . . . attempted murder" under current law. (§ 1172.6, subds. (c) & (d)(3).)

## DISCUSSION

We review de novo a trial court's determination of whether a petitioner has made a prima facie showing of eligibility for section 1172.6 relief. (*People v. Harden* (2022) 81 Cal.App.5th 45, 52.) Applying this standard, we conclude the trial court was correct that St. Pierre's record of conviction demonstrates he is ineligible for section 1172.6 relief as a matter of law. (See *Lewis*, *supra*, 11 Cal.5th at p. 971 ["The record of conviction will necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless"].)

As previously mentioned, it is true, as St. Pierre points out, that his jury was instructed on aider and abettor liability.[4] We

---

[4] The trial court instructed the jury as follows using CALCRIM No. 400: "A person may be guilty of a crime in two ways. One, he may have directly committed the crime. I will call that person the perpetrator. Two, he may have aided and abetted a perpetrator, who directly committed the crime. A person is equally guilty of the crime whether he committed it personally or aided and abetted the perpetrator who committed it." The court then instructed the jury using CALCRIM No. 401, which defined

5

reject St. Pierre's contention, however, that the aider and abettor instructions allowed the jury to convict him of attempted murder on an imputed-malice theory of liability. As the trial court noted in denying relief, St. Pierre's jury was never instructed on the natural and probable consequences doctrine. Moreover, and crucially, the court instructed the jury using CALCRIM No. 600, which defined the elements of attempted murder, and explicitly stated that in order to convict St. Pierre of attempted murder, the jury was *required* to find that he "intended to kill [the victims]."[5] Because the instructions explicitly required the jury to find St. Pierre harbored the intent to kill the victims in order to convict him of attempted murder, it is clear that the trial court was correct in denying St. Pierre section 1172.6 relief as a matter of law, as the statute does not extend relief to individuals convicted of attempted murder under the theory that they harbored the

aiding and abetting to require: "1. The perpetrator committed the crime; [¶] 2. The defendant knew that the perpetrator intended to commit the crime; [¶] 3. Before or during the commission of the crime, the defendant intended to aid and abet the perpetrator in committing the crime; [and] [¶] 4. The defendant's words or conduct did in fact aid and abet the perpetrator's commission of the crime."

[5] The language of CALCRIM No. 600 that the trial court gave the jury stated: "To prove that the defendant is guilty of attempted murder, the People must prove that: [¶] 1. The defendant took at least one direct but ineffective step toward killing another person; [and] [¶] 2. *The defendant intended to kill that person.*" (Italics added.) St. Pierre was the sole defendant tried at his trial (there was no co-defendant), so CALCRIM No. 600 explicitly required the jurors to find St. Pierre personally harbored the intent to kill in order for them to convict him of attempted murder.

intent to kill.  In other words, regardless of whether the jury found St. Pierre guilty of the attempted murders as the direct perpetrator or as an aider and abettor, he is prima facie ineligible for section 1172.6 relief, because under the instructions given, the jury necessarily found he harbored the intent to kill in the commission of the attempted murders.[6]

---

[6] St. Pierre in part argues that the trial court erred by relying on *People v. Coley* (2022) 77 Cal.App.5th 539 (*Coley*) in denying him relief as a matter of law, and he further contends that certain aspects of *Coley* were incorrectly decided.  Because we conclude that St. Pierre is ineligible for relief as a matter of law based narrowly and specifically on our review of his record of conviction, we need not address whether *Coley* applies here or was correctly decided.  Additionally, we need not address the arguments the parties raised in supplemental briefing because they have no direct bearing on our resolution of this appeal.  For the same reasons we reject St. Pierre's arguments that the trial court's ruling denying him relief violated state statutory law, we likewise reject his contention that the court's ruling violated his federal constitutional right to due process.

## DISPOSITION

We affirm the trial court's order denying St. Pierre section 1172.6 relief.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


TAMZARIAN, J.

We concur:


ZUKIN, P.J.


MORI, J.

8